*E-Filed 7/1/10*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JOHNNY PLACENCIA, | No. C 10-1323 RS (PR) |
| Petitioner, | **ORDER DISMISSING PETITION WITH LEAVE TO AMEND** |
| v. | |
| RANDY GROUNDS, Warden, et al., | |
| Respondents. | |

## INTRODUCTION

This is a federal habeas corpus action filed by a *pro se* state prisoner pursuant to 28 U.S.C. § 2254.  His petition is now before the Court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases.

## BACKGROUND

According to the petition, in 2005, officials at Soledad State Prison placed petitioner in administrative segregation during the pendency of an investigation of the battery of another inmate.  As part of the investigation, four confidential memoranda were created. These memoranda were later found to be unreliable, and officials determined that the allegations against petitioner for his alleged involvement in the battery of another inmate

could not be proved. Petitioner was exonerated, and returned to the general population. According to petitioner, in 2006, he discovered these four confidential memoranda were in his file. By way of the instant petition, petitioner seeks the removal of these memoranda from his file on grounds that the memoranda "could and will be harmful to petitioner." (Pet. at 3.) He also alleges that he was denied parole in 2007 based on the confidential information contained in his file. (*Id*. at 9.)

## DISCUSSION

This Court may entertain a petition for writ of habeas corpus "in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). A district court considering an application for a writ of habeas corpus shall "award the writ or issue an order directing the respondent to show cause why the writ should not be granted, unless it appears from the application that the applicant or person detained is not entitled thereto." 28 U.S.C. § 2243. Summary dismissal is appropriate only where the allegations in the petition are vague or conclusory, palpably incredible, or patently frivolous or false. *See Hendricks v. Vasquez*, 908 F.2d 490, 491 (9th Cir. 1990).

Apart from his allegations regarding his 2007 parole denial, petitioner's claims do not present cognizable grounds for relief. As noted above, a writ of habeas corpus will issue only when a person is in custody pursuant to the judgment of a state court, and that he is in custody in violation of the Constitution, laws, or treaties of the United States. As the claims are currently articulated, the four alleged memoranda have no current relevance to the issue of the length or circumstances of petitioner's confinement in state custody. Petitioner's assertion that they "could and will be harmful" presents a premature, speculative claim as to the constitutional legitimacy of his confinement. As such, his claims are DISMISSED.

Accordingly, the petition is DISMISSED with leave to amend. Petitioner may file an amended petition to challenge his 2007 parole denial directly, and include in that petition claims regarding the presence of confidential memoranda in his file.

Petitioner must file an amended petition within 30 days from the date this order is filed. The first amended petition must include the caption and civil case number used in this order (10-1323 RS (PR)) and the words FIRST AMENDED PETITION on the first page. Because an amended petition completely replaces the previous petitions, petitioner must include in his first amended petition <u>all</u> the claims he wishes to present. Petitioner may <u>not</u> incorporate material from the prior petition by reference. Failure to file an amended petition in accordance with this order will result in dismissal of this action without further notice to petitioner.

It is petitioner's responsibility to prosecute this case. Petitioner must keep the Court informed of any change of address by filing a separate paper with the clerk headed "Notice of Change of Address." He must comply with the Court's orders in a timely fashion or ask for an extension of time to do so. Failure to comply may result in the dismissal of this action.

**IT IS SO ORDERED**.

DATED: July 1, 2010

RICHARD SEEBORG
United States District Judge