*E-Filed 8/11/10*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JOHNNY PLACENCIA, | No. C 10-1323 RS (PR) |
| Petitioner, | **ORDER TO PETITIONER TO SHOW CAUSE WHY THE PETITION SHOULD NOT BE DISMISSED** |
| v. | |
| RANDY GROUNDS, Warden, | |
| Respondent. | |

## INTRODUCTION

This is a federal habeas corpus action filed by a *pro se* state prisoner pursuant to 28 U.S.C. § 2254. His amended petition is now before the Court for review pursuant to 28 U.S.C. § 2243 and Rule 4 of the Rules Governing Section 2254 Cases. For the reasons stated herein, petitioner is ordered to show cause why the petition should not be dismissed as unexhausted.

## BACKGROUND

According to the amended petition, in 1993, a Los Angeles County Superior Court jury convicted petitioner of second degree murder. In 2007, the Board of Parole Hearings ("Board") found petitioner unsuitable for parole. It appears that petitioner did not exhaust his state judicial remedies of his claims regarding the Board's decision. (Am. Pet. at 3–4.)

Prisoners in state custody who wish to challenge collaterally in federal habeas

No. C 10-1323 RS (PR)
ORDER TO SHOW CAUSE

proceedings either the fact or length of their confinement are first required to exhaust state judicial remedies, either on direct appeal or through collateral proceedings, by presenting the highest state court available with a fair opportunity to rule on the merits of each and every claim they seek to raise in federal court. *See* 28 U.S.C. § 2254(b), (c); *Rose v. Lundy*, 455 U.S. 509, 515-16 (1982). The state's highest court must be given an opportunity to rule on the claims even if review is discretionary. *See O'Sullivan v. Boerckel*, 526 U.S. 838, 845 (1999) (petitioner must invoke "one complete round of the State's established appellate review process."). Even though non-exhaustion is an affirmative defense, the petitioner bears the burden of proof that state judicial remedies were properly exhausted. *Parker v. Kelchner*, 429 F.3d 58, 62 (3d Cir. 2005). If available state remedies have not been exhausted as to all claims, the district court must dismiss the petition. *See Rose*, 455 U.S. at 510.

Petitioner bears the burden of proof that state judicial remedies were properly exhausted, and he has not met that burden. Accordingly, if petitioner has exhausted his claims and seeks to prove this to the Court, he must file a signed declaration submitted under penalty of perjury that he has fully exhausted his state judicial remedies regarding the Board's 2007 parole decision, and include in such declaration the exact dates of his filings, the names of the courts in which he filed, and the dates when the state courts issued their rulings. Submission of copies of the state court decisions is recommended, but not required. Petitioner must submit such declaration within 30 days from the date this order is filed, or the petition will be dismissed without further notice to petitioner. If petitioner has not exhausted his state remedies, he should inform the Court of such fact within 30 days from the date this order is filed.

**IT IS SO ORDERED**.

DATED: August 10, 2010

RICHARD SEEBORG
United States District Judge