*E-Filed 12/15/10*

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| JOHN PLACENCIA, | No. C 10-1323 RS (PR) |
| Petitioner, | **ORDER OF DISMISSAL** |
| v. | |
| R. GROUNDS, Warden, | |
| Respondent. | |

This is a federal habeas corpus action filed by a *pro se* state prisoner pursuant to 28 U.S.C. § 2254. Respondent's motion to dismiss the petition as second or successive (Docket No. 11) is GRANTED. In 2009, petitioner filed a federal habeas petition in this Court in which he challenged his 2007 parole denial. *See Cook v. Kane*, No. 09-1633 RS (PR). The 2009 petition was denied on the merits. In 2010, petitioner filed the instant habeas petition, later amending it to challenge his 2007 parole denial. The filing of the 2010 petition raises the question whether the instant filing is a second or successive petition.

A claim presented in a second or successive petition under 28 U.S.C. § 2254 that was presented in a prior petition must be dismissed. *See* 28 U.S.C. § 2244(b)(1); *Babbitt v. Woodford*, 177 F.3d 744, 745–46 (9th Cir. 1999). A new factual basis for a claim previously

1 presented is not sufficient to prevent it from falling under this section. *See id.* at 746. In the
2 2009 and 2010 petitions, petitioner challenges his 2007 parole denial on grounds that it
3 violated his right to due process, though in the 2010 petition he alleges a different factual
4 basis for this claim. Accordingly, the 2010 petition is second or successive to the 2009
5 petition. In order to file a second or successive petition, the petitioner must obtain an order
6 from the court of appeals authorizing the district court to consider the petition. *See* 28 U.S.C.
7 § 2244(b)(3)(A). Accordingly, the instant petition must be dismissed as second or successive
8 to the prior-filed 2009 petition. Respondent's motion to dismiss the petition as second or
9 successive (Docket No. 11) is GRANTED. The petition is DISMISSED WITH
10 PREJUDICE.

11 A certificate of appealability will not issue. Petitioner has not shown "that jurists of
12 reason would find it debatable whether the petition states a valid claim of the denial of a
13 constitutional right and that jurists of reason would find it debatable whether the district court
14 was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). The
15 Clerk shall enter judgment in favor of respondent, terminate Docket No. 11, and close the
16 file.

17 **IT IS SO ORDERED**.
18 DATED: December 15, 2010

RICHARD SEEBORG
United States District Judge